UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MILTON AL STEWART,
Acting Secretary of Labor,
U.S. Department of Labor,

        Plaintiff,

        v.                          Case No. 20-C-1576

ALLAN ZEISE, ZYQUEST, INC., and
ZYQUEST, INC. 401(K) RETIREMENT
PLAN AND TRUST,

        Defendants.

## JUDGMENT

    Plaintiff, Milton Al Stewart, Acting Secretary of Labor (Secretary), U.S. Department of Labor (DOL), having filed his complaint and Defendants, Allan Zeise, an individual; Zyquest, Inc. (Zyquest), a corporation; and Zyquest, Inc. 401(K) Retirement Plan and Trust (Plan), an employee benefit plan, having been duly served with a copy of the complaint and summons, having failed to plead and defend within the time prescribed by law, having failed to obtain legal representation for the corporate defendants, and default of the Defendants having been duly entered by this Court, and the truth of the allegations contained in the Secretary's complaint having been verified by the declaration of the U.S. Department of Labor, Employee Benefits Security Administration investigator; now, therefore, upon application of the Secretary and for cause shown,

    **JUDGMENT IS HEREBY ENTERED** against Defendants in accordance with the prayer of the complaint in the above-styled action and,

    **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that

**1.** Defendants Allan Zeise and Zyquest, Inc., in their capacity as the fiduciaries of the Plan, breached their fiduciary duty from June 30, 2016, to September 14, 2018, by failing to remit and timely remit Plan assets in violation of ERISA §§ 403, 404 and 406, 29 U.S.C. §§ 1103, 1104, and 1106.

**2.** Defendants Allan Zeise and Zyquest are permanently enjoined and restrained from violating the provisions of Title I of ERISA, 29 U.S.C. § 1001 *et seq*.

**3.** Defendants Allan Zeise and Zyquest are removed as trustee and Plan administrator, respectively, of the Plan.

**4.** Defendant Allan Zeise is permanently enjoined from serving or acting as a fiduciary or service provider with respect to any employee benefit plan subject to ERISA except to the extent necessary to comply with this Judgment.

**5.** Defendants Allan Zeise and Zyquest, Inc. are jointly and severally liable to the Plan in the amount of $165,759.95.

**6.** Defendants Allan Zeise and Zyquest, Inc. shall correct the prohibited transactions in which they engaged, within 30 days of the entry of the judgment.

**7.** Defendants Allan Zeise and Zyquest, Inc. shall restore to the Plan the total amount of $165,759.95 within 30 days of entry of this judgment.

**8.** AMI Benefit Plan Administrators, Inc., Attn: Patty Doss, 100 Terra Bella Drive, Youngstown, Ohio 44505 is hereby appointed as the Independent Fiduciary for the Plan to administer the Plan and safeguard the Plan's assets pursuant to the Plan's documents, the Internal Revenue Code, and ERISA. The Independent Fiduciary shall have the following powers, duties and responsibilities:

> a. The Independent Fiduciary shall have responsibility and authority to collect, liquidate, and manage such assets of the Plan for the benefit of the eligible

participants and beneficiaries of the Plan who are entitled to receive such assets, until such time that the assets of the Plan are distributed to the eligible participants and beneficiaries of the Plan;

b. The Independent Fiduciary shall have full access to all data, information and calculations in the Plan's possession or under its control, including information contained in the records of the Plan's custodial trustees and other service providers, bearing on the distribution of benefit payments, participant account balances and current Plan assets;

c. The Independent Fiduciary may retain such persons and firms including, but not limited to, accountants and attorneys, as may be reasonably required to perform his duties hereunder;

d. The Independent Fiduciary appointed by the Court shall allocate the restoration made by the Defendants to the Plan pursuant to paragraph 7 above, to the individual plan accounts of the Plan participants who: (1) were employees of Zyquest, Inc.; (2) were Plan participants during the period June 30, 2016, to September 14, 2018; and (3) had voluntary employee contributions and participant loan repayments withheld from their pay for contribution to the Plan and who had not received a distribution of their full vested account balance as of the date of the entry of this Default Judgment. Lost opportunity costs shall be allocated to each participant's individual plan account on a pro-rata basis based on the amount each participant was due in unremitted and untimely remitted employee contributions and participant loan repayments for this time period.

e. Within sixty days of the entry of the Court's Order, the Independent Fiduciary shall determine whether employee salary deferrals and participant loan repayments withheld during the period from September 15, 2018, through the date of entry of this Consent Order and Judgment were all remitted to the Plan. If the Independent Fiduciary determines that the Plan did not receive all employee salary deferrals and participant loan repayments owed to the Plan during the period September 15, 2018 through the date of entry of this Consent Order and Judgment, the Independent Fiduciary shall:

   i. Notify Defendants Zeise and Zyquest, Inc., and the Secretary in writing of the specific amounts owed to the Plan and the periods of time for which these amounts are owed. Notice shall be sent to Defendants at 1385 W. Main Ave., De Pere, WI 54115 and to the Secretary to the attention of the Regional Director of the Employee Benefits Security Administration, U.S. Department of Labor, 230 S. Dearborn St., Suite 2160, Chicago, Illinois 60604;

3

  ii. Within 14 days of receiving a notice pursuant to paragraph 8(e)(i) above, Defendants shall remit the total outstanding employee contributions and participant loan repayments identified in the notice to the Plan;

  iii. Any restorations made pursuant to the Independent Fiduciary's findings in paragraph 8(e) above shall be allocated by the Independent Fiduciary within seven days of receipt to participants' individual plan accounts. The Independent Fiduciary shall provide satisfactory proof of such restoration to the Regional Director of the Employee Benefits Security Administration, United States Department of Labor, 230 S. Dearborn, Suite 2160, Chicago, IL 60604 within 7 days of their allocation;

  iv. If the Plan assets from September 15, 2018, through the date of entry of this Order and Judgment are not fully restored within 60 days of the Independent Fiduciary's notice, as provided for in paragraphs 8(e)(i) and (ii) above, the Independent Fiduciary shall immediately file a report with the Court and the Regional Director identifying the unremitted amounts owed by the Defendants and the date he notified the Defendants of these delinquencies;

 f. The Independent Fiduciary's appointment shall terminate upon the first to occur of: 1) removal by the Court; 2) his resignation after finding an acceptable replacement, agreed to by all parties or the Court, providing notice to all parties to this matter, and approval by the Court to have the replacement independent fiduciary appointed; or 3) termination of the plan by the employer and complete distribution of plan assets.

**9.** For services performed pursuant to this Court Order, the Independent Fiduciary shall receive compensation in the form of a one-time conversion fee of $750, plus recurring quarterly base fees, per participant fees, and asset fees, for fees and expenses reasonably and necessarily incurred in administering the Plan and allocating unremitted employee contributions and loan repayments and untimely remitted employee contributions and loan repayments and associated lost opportunity costs to Plan participants' accounts. The recurrent quarterly fee is currently estimated to be $2,733.75.

4

**10.** Within seven days of the entry of this Consent Order and Judgment, Defendants Allan Zeise and/or Zyquest, Inc. shall pay the one-time conversion fee of $750 to the Independent Fiduciary and will provide to the Regional Director written proof that payment has occurred.

**11.** Defendants Allan Zeise and/or Zyquest, Inc., within fifteen days of receiving any invoice from the Independent Fiduciary regarding its fees, shall pay the recurrent quarterly fees to the Independent Fiduciary to cover fees and expenses reasonably and necessarily incurred in administering the Plan. If Defendants Allan Zeise and/or Zyquest, Inc. fail to pay a recurrent quarterly fee to the Independent Fiduciary within 45 days of being due, the Independent Fiduciary shall report the failure to the Court, and may pay its fees from the Plan's assets and seek recourse for the Plan from the Court.

**12.** If any employee who was a participant in the Plan at any point between June 30, 2016 and the entry of this Consent Order and Judgment, is no longer part of the Plan at the time of the entry of this Judgment, Defendants Allan Zeise and Zyquest, Inc., shall take appropriate actions to locate each such participant or beneficiary of the Plan and notify the Independent Fiduciary of each such participant or beneficiary's location and current contact information. Appropriate actions include complying with the guidance in EBSA Field Assistance Bulletin 2014-01, Fiduciary Duties and Missing Participants in Terminated Defined Contribution Plans (Aug. 21, 2014) available at https://www.dol.gov/agencies/ebsa/employers-and-advisers/guidance/field-assistancebulletins/2014-01.

**13.** The Court shall maintain jurisdiction over this matter only for purposes of enforcing this Order and Judgment.

**14.** Nothing in this Order is binding on any government agency other than the United States Department of Labor, Employee Benefits Security Administration.

**SO ORDERED** at Green Bay, Wisconsin this 27th day of January, 2021.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge